UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
    Plaintiff

v.

LUZERNE COUNTY PRISON, ET AL.,
    Defendants

: CIVIL ACTION NO. 3:13-CV-1275
:
:
: (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)
:

FILED SCRANTON
JUL 3 0 2013
PER /
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names the LCCF, Corrections Officer Blych, and unknown corrections officers as Defendants. (Id.). Plaintiff alleges that on December 27, 2012, Defendant Blych tried to trick him into the guard booth, but a Corporal stopped the joke before it could be used as an excuse to beat Plaintiff up. (Id.). The complaint alleges that the Corporal was displeased with the guards playing the joke and was concerned that if Plaintiff had entered the booth and another guard was unaware of the joke, that Plaintiff would be attacked. (Id.). For relief, Plaintiff seeks the investigation and arrest of all corrections officers involved and monetary damages. (Id.). He filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 8) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On May 30, 2013, Magistrate Judge Blewitt

---

[1] Plaintiff has since been released on bail. See (Docs. 10-11).

[2] Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on

issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Docs. 12, 14). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013; however, the copy of the R&R sent to Plaintiff was returned as undeliverable on June 6, 2013, and was mailed to Plaintiff's new address the same day. (Id.).³ No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report

---

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

³Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 8, pp. 3-5). Initially, Magistrate Judge Blewitt determines that to the extent Plaintiff requests relief in the form of the arrest of all officers involved, this Court has no authority to grant such relief. (Id. at pp. 6-7), citing Ross v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.). The Magistrate Judge concludes that these requests should therefore be dismissed with prejudice and that it would be futile to permit

3

an amendment in this respect. (Id.). Next, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant because it is not a "person" subject to suit under federal civil rights laws. (Id.),[4] citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Magistrate Judge recommends that Defendant LCCF be dismissed and finds futility in allowing an amended complaint against this Defendant. (Id.), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The R&R then states that there are no facts alleging how any Defendant violated Plaintiff's constitutional rights. (Doc. 8, p. 10). Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Id.) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "Rather, a plaintiff must prove an underlying statutory or constitutional violation in order to prevail under 42 U.S.C. § 1983." (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *35-40 (E.D. Pa. 2005). The Magistrate Judge reasons that Plaintiff has not alleged how his rights were violated by the attempted "joke" or that he was harmed in any way as a result. (Id.). Consequently, the R&R recommends that Defendant Blych and the unnamed Defendants be dismissed with prejudice, and that Plaintiff not be afforded an opportunity to amend because it would be futile. (Doc. 8, p. 10-11), citing Grayson, 293 F.3d 103.

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

---

[4]The R&R also notes that it does not appear from the face of the complaint that Plaintiff exhausted administrative remedies with respect to his claims. See (Doc. 8, pp. 8-10).

A separate order will be issued.

*[signature]*
**United States District Judge**

**Date:** July 30, 2013